E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
KENNETH R. CARBAJAL (Cal. Bar No. 338079)
Assistant United States Attorney
General Crimes Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:   (213) 894-3172
     Facsimile:   (213) 894-0141
     E-mail:      kenneth.carbajal@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>ERNESTO ECHEVERRIA, et al.<br><br><br>        Defendants. | No. 2:23-cr-00236-ODW-5<br><br>AMENDED PLEA AGREEMENT FOR DEFENDANT ADAM GARCIA |

1.    This constitutes the plea agreement between ADAM GARCIA ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

## DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

    a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count 26 of the indictment in United States v. Echeverria, et al., CR No. 23-cr-00236-ODW-5, which charges defendant with being a

DM28
4.9.24

Felon and Prohibited Person in Possession of Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1).

b.      Not contest facts agreed to in this agreement.

c.      Abide by all agreements regarding sentencing contained in this agreement.

d.      Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.      Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.      Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.      Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.      Agree to and not oppose the imposition of the following conditions of probation or supervised release:

i.      The defendant shall submit defendant's person and any property under defendant's control, including any residence, vehicle, papers, computer and other electronic communication or data storage devices and media, and effects, to suspicion-less search and seizure at any time of the day or night by any law enforcement or probation officer, with or without a warrant, and with or without cause; and if stopped or questioned by a law enforcement officer for any reason, defendant shall notify that officer that defendant is on federal supervised release and subject to search.

THE USAO'S OBLIGATIONS

3.      The USAO agrees to:

a.      Not contest facts agreed to in this agreement.

2

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d.    Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 17 or higher and provided that the Court does not depart downward in offense level or criminal history category. For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

## NATURE OF THE OFFENSE

4.    Defendant understands that for defendant to be guilty of the crime charged in count 26, that is, being a Felon in Possession of a Firearm and Ammunition, in violation of Title 18, United States Code, Section 922(g)(1), the following must be true: (i) defendant knowingly possessed a firearm or ammunition; (ii) the firearm or ammunition had been shipped or transported in interstate or foreign commerce; (iii) at the time the defendant possessed the firearm or ammunition, defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and (iv) at the time that defendant possessed the firearm or ammunition, defendant knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

## PENALTIES

5.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 922(g)(1), is: 15 years' imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice

3

the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.      Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.      Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8.      Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future.  Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court,

can predict to an absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

9.    Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 11 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about February 9, 2023, in Los Angeles County, within the Central District of California, defendant, a convicted felon, knowingly possessed a firearm, namely, a Black Aces Tactical model FD12, 12-gauge shotgun, bearing serial number 20BLP14099 (the "FD12"), and ammunition, namely, 9 rounds of Winchester Ammunition 12-gauge shotshells (the "ammunition"), each in and affecting interstate and foreign commerce.

Specifically, on February 9, 2023, defendant, while accompanied by a co-conspirator, met with a Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Confidential Informant ("CI"), led the CI to the front passenger seat of a black sedan, and opened the door. Defendant handed the CI the FD12, two magazines and the ammunition. The CI paid defendant $2,000 for the FD12, magazines and ammunition.

At the time defendant knowingly possessed such firearm and ammunition, he knew he had been convicted of crimes punishable by imprisonment for a term exceeding one year, specifically:

1)  Taking a Motor Vehicle, in violation of California Penal Code Section 215(a), in the Superior Court of the State of California, County of Los Angeles, Case No. BA179613, on or about August 26, 1999;

2)  Robbery: Second Degree, in violation of California Penal Code Section 211, in the Superior Court of the State of California, County of Los Angeles, Case No. BA179613, on or about August 26, 1999;

3)  Kidnapping, in violation of California Penal Code Section 207(a), in the Superior Court of the State of California, County of Los Angeles, Case No. BA179613, on or about August 26, 1999;

4)  Assault with a Deadly Weapon, in violation of California Penal Cod4e Section 245(a), in the Superior Court of the State of California, County of Los Angeles, Case No. GA101101, on or about June 8, 2017, which is a crime of violence; and

5)  Taking a Vehicle Without Consent, in violation of California Vehicle Code Section 10851(a), in the Superior Court of the State of California, County of Los Angeles, Case No. BA469952, on or about August 16, 2018.

<u>SENTENCING FACTORS</u>

10.     Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

11.     Defendant and the USAO agree to the following applicable sentencing guideline factors:

Base Offense Level:                    At least 20                    U.S.S.G. § 2K2.1(a)(4)(A)

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Further, the USAO reserves the right to argue for, and the defendant reserves the right to argue against, the application of a higher base offense level, namely, the base offense level of 22 pursuant to U.S.S.G. § 2K2.1(a)(3). The base offense level set forth above is based on information currently known to the government regarding defendant's criminal history.  Defendant understands and agrees that defendant's base offense level could be increased, irrespective of the government's assertion that the base offense level is 22, if defendant is an armed career criminal under U.S.S.G. §§ 4B1.4 and 18 U.S.C. § 924(e), or if defendant has additional prior conviction(s) for either a crime of violence or a controlled substance offense under U.S.S.G. § 2K2.1.  If defendant's base offense level is so altered, defendant and the USAO will not be bound by the base offense level agreed to above.

12.    Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

13.    Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

14.    Defendant understands that by pleading guilty, defendant gives up the following rights:

   a.    The right to persist in a plea of not guilty.

   b.    The right to a speedy and public trial by jury.

   c.    The right to be represented by counsel –- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant

retains the right to be represented by counsel –- and if necessary have the Court appoint counsel –- at every other stage of the proceeding.

       d.     The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

       e.     The right to confront and cross-examine witnesses against defendant.

       f.     The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

       g.     The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

       h.     Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

     15.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

     16.    Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than within or below the range corresponding to an offense level of 19 and the criminal history category calculated by the Court, subject to any applicable mandatory minimum sentence, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory

maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7) and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

17.    The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment on all counts of conviction within or above the range corresponding to an offense level of 17 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

WAIVER OF COLLATERAL ATTACK

18.    Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

RESULT OF WITHDRAWAL OF GUILTY PLEA

19.    Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was

1  involuntary, then the USAO will be relieved of all of its obligations under this

2  agreement.

### EFFECTIVE DATE OF AGREEMENT

4  20.    This agreement is effective upon signature and execution of all required

5  certifications by defendant, defendant's counsel, and an Assistant United States

6  Attorney.

### BREACH OF AGREEMENT

8  21.    Defendant agrees that if defendant, at any time after the signature of this

9  agreement and execution of all required certifications by defendant, defendant's counsel,

10  and an Assistant United States Attorney, knowingly violates or fails to perform any of

11  defendant's obligations under this agreement ("a breach"), the USAO may declare this

12  agreement breached.  All of defendant's obligations are material, a single breach of this

13  agreement is sufficient for the USAO to declare a breach, and defendant shall not be

14  deemed to have cured a breach without the express agreement of the USAO in writing.

15  If the USAO declares this agreement breached, and the Court finds such a breach to have

16  occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this

17  agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will

18  be relieved of all its obligations under this agreement.

### COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
### OFFICE NOT PARTIES

21  22.    Defendant understands that the Court and the United States Probation and

22  Pretrial Services Office are not parties to this agreement and need not accept any of the

23  USAO's sentencing recommendations or the parties' agreements to facts or sentencing

24  factors.

25  23.    Defendant understands that both defendant and the USAO are free to:

26  (a) supplement the facts by supplying relevant information to the United States Probation

27  and Pretrial Services Office and the Court, (b) correct any and all factual misstatements

28  relating to the Court's Sentencing Guidelines calculations and determination of sentence,

and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 11 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

24.     Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one –- not the prosecutor, defendant's attorney, or the Court –- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

25.     Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

26.     The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.


AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney


_____           04/26/2024
KENNETH R. CARBAJAL                        _____
Assistant United States Attorney           Date


_____           4/24/24
ADAM W. GARCIA                             _____
Defendant                                  Date


_____           4/24/24
SHAUN KHOJAYAN                             _____
Attorney for Defendant ADAM W. GARCIA      Date

1

## CERTIFICATION OF DEFENDANT

2      I have read this agreement in its entirety. I have had enough time to review and

3 consider this agreement, and I have carefully and thoroughly discussed every part of it

4 with my attorney. I understand the terms of this agreement, and I voluntarily agree to

5 those terms. I have discussed the evidence with my attorney, and my attorney has

6 advised me of my rights, of possible pretrial motions that might be filed, of possible

7 defenses that might be asserted either prior to or at trial, of the sentencing factors set

8 forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the

9 consequences of entering into this agreement. No promises, inducements, or

10 representations of any kind have been made to me other than those contained in this

11 agreement. No one has threatened or forced me in any way to enter into this agreement.

12 I am satisfied with the representation of my attorney in this matter, and I am pleading

13 guilty because I am guilty of the charge and wish to take advantage of the promises set

14 forth in this agreement, and not for any other reason.

15

16  ADAM W. GARCIA                          Date     4/24/24
    Defendant

17

18

19

20

21

22

23

24

25

26

27

28

13

1

## CERTIFICATION OF DEFENDANT'S ATTORNEY

2      I am ADAM W. GARCIA's attorney. I have carefully and thoroughly discussed
3  every part of this agreement with my client. Further, I have fully advised my client of
4  his rights, of possible pretrial motions that might be filed, of possible defenses that might
5  be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C.
6  § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of
7  entering into this agreement. To my knowledge: no promises, inducements, or
8  representations of any kind have been made to my client other than those contained in
9  this agreement; no one has threatened or forced my client in any way to enter into this
10 agreement; my client's decision to enter into this agreement is an informed and voluntary
11 one; and the factual basis set forth in this agreement is sufficient to support my client's
12 entry of a guilty plea pursuant to this agreement.

13

14 SHAUN KHOJAYAN                                    4/24/24
   Attorney for Defendant ADAM W. GARCIA         Date

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14